IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



UNITED STATES OF AMERICA

V.                                     CRIMINAL NO. 5:05cr1DCB-JCS

ROBERT EARL STEWART

## AGREED PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

As the result of the guilty plea of ROBERT EARL STEWART to Count 7 of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d) and Title 28, United States Code, § 2461(c), the defendant ROBERT EARL STEWART shall forfeit to the United States all property involved in or used in the violation of Title 18, United States Code, § 922(g).

The Court has determined, based on the evidence in the record that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and Title 28, United States Code, § 2461(c), that the defendant is the owner of such property and that the government has established the requisite nexus between such property and such offenses:

1)   One Smith and Wesson revolver, Model 662, .357 caliber, serial number 128K816;

2)   One Iver Johnson revolver, Model 55-5A, .22 caliber, serial number H90614;

3)   One Charter Arms revolver, .38 caliber, serial number 1032874;

4)   One Davis Industries derringer, Model D9, 9mm, serial number D134438;

5)   One Inter Arms revolver, .357 caliber, serial number F068506;

6)   One Pistol Magazine and eight 9 mm rounds contained therein;

7) Six rounds of .357 caliber ammunition contained within the Smith and Wesson revolver, Model 662, .357 caliber, serial number 128K816;

8) Five rounds of .38 caliber ammunition contained within the Charter Arms revolver, .38 caliber, serial number 1032874; and

9) Five rounds of .357 caliber ammunition contained within the Inter Arms revolver, .357 caliber, serial number F068506.

Upon the entry of this Order, the United States Attorney General or a designee, the Secretary of the Department of Homeland Security, or a designee or the Secretary of the Treasury, or a designee is authorized to seize the above mentioned property, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States Attorney General or a designee, the Secretary of the Department of Homeland Security, or a designee or the Secretary of the Treasury, or a designee is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General or a designee, the Secretary of the Department of Homeland Security, or a designee or the Secretary of the Treasury, or a designee may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is

earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) or 18 U.S.C. § 982(b)(1).

IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made part of the sentence and included in the judgment; and

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Sandra G. Moses, U.S. Attorney's Office, 188 East Capitol Street, Suite 500, Jackson, Mississippi 39201.

SO ORDERED AND ADJUDGED this the 5th day of December, 2005.

HONORABLE DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE

AGREED:

DUNN LAMPTON
United States Attorney

ROBERT EARL STEWART
Defendant

SANDRA G. MOSES
Assistant U. S. Attorney

JOHN M. COLETTE
Attorney for Defendant