AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 1                                                                                                              LCT:ms

# UNITED STATES DISTRICT COURT

__Southern__ District of __Mississippi__

UNITED STATES OF AMERICA
v.
ROBERT EARL S[TEWART]

**JUDGMENT IN A CRIMINAL CASE**

FILED DEC 14 2005 J. T. NOBLIN, CLERK BY _____ DEPUTY

Case Number: 5:05cr1DCB-JCS-001

USM Number: 01081-043

Defendant's Attorney: John M. Colette
401 East Capitol Street, Suite 308
P. O. Box 861
Jackson, MS 39205-0861
(601) 355-6277

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __1 and 7__

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of Cocaine Base | 5/6/04 | 1 |
| 18 U.S.C. §§922(g)(1) and 924(a)(2) | Felon in Possession of Firearms | 3/3/05 | 7 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) __2 through 6 and count 8__  ☐ is  ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 5, 2005
Date of Imposition of Judgment

_[signature]_
Signature of Judge

David C. Bramlette, III, U.S. District Judge
Name and Title of Judge

_12/__/__
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  7

DEFENDANT:       STEWART, Robert Earl
CASE NUMBER:     5:05cr1DCB-JCS-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**One hundred fifty one (151) months as to Count 1 and 120 months as to Count 7, to run concurrently**

■ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be housed in a facility where he can receive the 500-hour intensive drug treatment program. The Court recommends the defendant be incarcerated at FCI, Yazoo Mississippi, if commensurate with his classification.

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: STEWART, Robert Earl
CASE NUMBER: 5:05cr1DCB-JCS-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three (3) years as to Count 1 and three (3) years as to Count 7, to run concurrently

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

■ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: STEWART, Robert Earl
CASE NUMBER: 5:05cr1DCB-JCS-001

## SPECIAL CONDITIONS OF SUPERVISION

A) The defendant shall submit to random urinalysis testing and, if deemed necessary, shall participate in a drug aftercare treatment program as directed by the supervising U. S. Probation Officer, to include inpatient treatment if necessary.

B) The defendant shall submit any personal or business financial information to the U. S. Probation Officer upon request and shall incur no new debt nor open any additional lines of credit without the prior approval of the U. S. Probation Officer.

C) The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U. S. Probation Officer.

DEFENDANT: STEWART, Robert Earl
CASE NUMBER: 5:05cr1DCB-JCS-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**    | **Restitution** |
|--------|----------------|-------------|-----------------|
| TOTALS | $ 200.00       | $ 1,500.00  | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| TOTALS | $ | $ |
|--------|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

Judgment — Page __6__ of __7__

DEFENDANT: STEWART, Robert Earl
CASE NUMBER: 5:05cr1DCB-JCS-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ■ Payment to begin immediately (may be combined with   ☐ C,   ■ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ■ Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __50.00__ over a period of __xxx__ (e.g., months or years), to commence __60 days__ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court, P. O. Box 23552, Jackson, MS 39225-3552.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

■ The defendant shall forfeit the defendant's interest in the following property to the United States:
  See file stamped copy of Agreed Preliminary Order of Forfeiture attached

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: STEWART, Robert Earl
CASE NUMBER: 5:05cr1DCB-JCS-001

# DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On or After November 18, 1988)

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

    IT IS ORDERED that the defendant shall be:

☒ ineligible for all federal benefits for a period of   ten (10) years  .

☐ ineligible for the following federal benefits for a period of _____ .
   (specify benefit(s)) _____

## OR

☐ Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

    IT IS ORDERED that the defendant shall:

☐ be ineligible for all federal benefits for a period of _____ .

☐ be ineligible for the following federal benefits for a period of _____ .
   (specify benefit(s)) _____

☐ successfully complete a drug testing and treatment program.

☐ perform community service, as specified in the probation and supervised release portion of this judgment.

☐ Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

    Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:

    U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



UNITED STATES OF AMERICA

V.  CRIMINAL NO. 5:05cr1DCB-JCS

ROBERT EARL STEWART

## AGREED PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

As the result of the guilty plea of ROBERT EARL STEWART to Count 7 of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d) and Title 28, United States Code, § 2461(c), the defendant ROBERT EARL STEWART shall forfeit to the United States all property involved in or used in the violation of Title 18, United States Code, § 922(g).

The Court has determined, based on the evidence in the record that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and Title 28, United States Code, § 2461(c), that the defendant is the owner of such property and that the government has established the requisite nexus between such property and such offenses:

1) One Smith and Wesson revolver, Model 662, .357 caliber, serial number 128K816;

2) One Iver Johnson revolver, Model 55-5A, .22 caliber, serial number H90614;

3) One Charter Arms revolver, .38 caliber, serial number 1032874;

4) One Davis Industries derringer, Model D9, 9mm, serial number D134438;

5) One Inter Arms revolver, .357 caliber, serial number F068506;

6) One Pistol Magazine and eight 9 mm rounds contained therein;

7) Six rounds of .357 caliber ammunition contained within the Smith and Wesson revolver, Model 662, .357 caliber, serial number 128K816;

8) Five rounds of .38 caliber ammunition contained within the Charter Arms revolver, .38 caliber, serial number 1032874; and

9) Five rounds of .357 caliber ammunition contained within the Inter Arms revolver, .357 caliber, serial number F068506.

Upon the entry of this Order, the United States Attorney General or a designee, the Secretary of the Department of Homeland Security, or a designee or the Secretary of the Treasury, or a designee is authorized to seize the above mentioned property, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States Attorney General or a designee, the Secretary of the Department of Homeland Security, or a designee or the Secretary of the Treasury, or a designee is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General or a designee, the Secretary of the Department of Homeland Security, or a designee or the Secretary of the Treasury, or a designee may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is

earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) or 18 U.S.C. § 982(b)(1).

IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made part of the sentence and included in the judgment; and

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Sandra G. Moses, U.S. Attorney's Office, 188 East Capitol Street, Suite 500, Jackson, Mississippi 39201.

SO ORDERED AND ADJUDGED this the 5th day of December, 2005.

*[signature]*
HONORABLE DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE

AGREED:

DUNN LAMPTON
United States Attorney

*[signature]*
ROBERT EARL STEWART
Defendant

*[signature]*
SANDRA G. MOSES
Assistant U. S. Attorney

*[signature]*
JOHN M. COLETTE
Attorney for Defendant