**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**


UNITED STATES OF AMERICA                                          RESPONDENT

VERSUS                                       CIVIL ACTION NO. 5:06cv141DCB
                                          CRIMINAL ACTION NO. 5:05cr1DCB-JCS

ROBERT EARL STEWART                                               PETITIONER

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter comes before the Court on Petitioner Robert Earl Stewart's Motion to Vacate Under 28 U.S.C. § 2255 [**criminal docket entry no. 23; civil docket entry no. 1**]. Having reviewed the Motion, Briefs, Response, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds as follows:

**FACTS**

On June 21, 2005, Robert Earl Stewart pled guilty to distributing cocaine[1] in violation of 21 U.S.C. § 841(a)(1) and to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). *In toto* the petitioner was sentenced to 151 months imprisonment, three years supervised release, $400.00 special assessment fee, and $3,000.00 in fines. The petitioner asserts that he is entitled to relief from the sentence because:

---

[1]In the memorandum of understanding, Stewart stipulated to possessing 225 grams of cocaine base and approximately one kilogram of cocaine hydrochloride.

(1) the Sentencing Guidelines applied by the Court are unconstitutional because the distribution of cocaine base is punished more severely than the distribution of cocaine hydrochloride, (2) a sentence of supervised release is a constitutionally impermissible "second punishment," (3) the petitioner was allegedly deprived of effective assistance of counsel because "[a] judge is not to appoint council [sic] to a defendant,"[2] and (4) the petitioner's sentence should be set aside because he provided assistance to the government.

The government argues that the petitioner's claims are procedurally barred since the petitioner waived his right to collaterally attack his sentence in the memorandum of understanding.

## DISCUSSION

The plea agreement signed by Stewart states:

> 16.    **Waivers**: The defendant, knowing and understanding all of the matters aforesaid including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the United States Attorney's Office in this plea agreement **hereby expressly waives the above rights and the rights to:**
> a.    appeal the conviction or sentence imposed

---

[2]On March 3, 2005, the Court appointed a federal public defender for Stewart. The petitioner was represented by the public defender's office for six days. On March 10, 2005, John Colette entered his appearance as Stewart's retained counsel. Presumably, the petitioner objects to this six-day period in which he was represented by the public defender's office.

in this case, or the manner in which that
sentence was imposed, on the grounds set
forth in 18 U.S.C. § 3742, or on any
ground whatsoever, and

b.    contest the conviction, sentence, or the
manner in which the sentence was imposed
in  any  post-conviction  proceeding,
including but not limited to, a motion
brought pursuant to 28 U.S.C. § 2255.

(M. of Understanding, 4).

Voluntary waivers of collateral review are typically enforced.
United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).  At his
change of plea hearing, the Court asked the petitioner, "You
reviewed this Memorandum of Understanding with [your attorney]?
You understand what it says, do you?"  (Plea Tr., at 14.)  The
petitioner responded affirmatively.  The Court then instructed the
petitioner to listen carefully as the Assistant United States
Attorney ("AUSA") recited any waivers.  The AUSA stated, "[Stewart]
has also agreed to waive his right to contest the conviction,
sentence, or manner in which the sentence was imposed in any post-
conviction proceeding, including but not limited to a proceeding by
a motion brought pursuant to 28 U.S.C. § 2255."  (Plea Tr., at 15-
16.)  When asked by the Court whether he agreed with what the AUSA
had recited, the petitioner responded, "Yes, sir."  (Plea Tr., at
18.)

The petitioner has not alleged that his retained attorney,
John Collette, provided ineffective assistance during the plea
negotiations.  Indeed, when the Court asked, "Are you satisfied
with the amount of time and quality of advice given to you by your

counsel, the Honorable John M. Colette?"  Stewart responded, "Yes,

sir."  (Plea Tr., at 5.)  Since Stewart's waiver was knowingly and

voluntarily made, and Stewart has not argued that his waiver was

tainted by the ineffective assistance of counsel, the Court finds

that the Memorandum of Understanding should be given full force.

Thus, the petitioner's § 2255 Motion to Vacate must be dismissed.

Accordingly,

IT IS HEREBY ORDERED that the petitioner's Motion to Vacate

Under 28 U.S.C. § 2255  [**criminal docket entry no. 23; civil docket

entry no. 1**] is **DISMISSED WITH PREJUDICE.**

A separate judgment will be entered by the Court in accordance

with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the _28th_ day of _February_, 2007.

                                    __s/David Bramlette_____
                                    UNITED STATES DISTRICT JUDGE